UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YU HING SU, JIAN OU, and JIAN BIN LIN, on
behalf of themselves and all others similarly
situated,

                              Plaintiffs,

                    -against-

HAILU ASIAN BISTRO INC. d/b/a HAILU
ASIAN BISTRO, LAOUNG YONG a/k/a MOE L
YONG a/k/a JOE YONG, POH LIM a/k/a
DOREEN LIM, JOHN MARZANO, MICHAEL A
MARZANO, and YEE WAY YAP,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/29/2020

1:17-cv-10243 (MKV)

**ORDER DENYING MOTION
FOR RECONSIDERATION**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs have moved for reconsideration of the Court's Order [ECF #37] which denied,
*inter alia*, Plaintiffs' motion to affirm service or, in the alternative, for an extension of time to
effect service on the Individual Defendants (the "Service Motion").  For the reason stated herein,
the Motion for Reconsideration of that decision is DENIED.

A motion for reconsideration should be denied unless the moving party "point[s] to
controlling decisions or data that the court overlooked—matters, in other words, that might
reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.
Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (further noting that the standard for granting motions for
reconsideration is "strict").  Courts will only consider compelling reasons for reconsidering a
prior decision, including "an intervening change of controlling law, the availability of new
evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways,
Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  A motion for reconsideration is
"not a vehicle for relitigating old issues, presenting the case under new theories, securing a
rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.
v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  Even
a new argument regarding the decision in question are inappropriate if they could have been
raised in the first motion.  *Shrader*, 70 F.3d at 257.

The present motion for reconsideration raises only arguments that the Plaintiffs did or could have raised in the Service Motion. Plaintiffs' failure to do so is not excusable, and results in denial of the motion for reconsideration.

Even if the Court were to reconsider the merits of the Service Motion, it would still fail. Plaintiffs only move for reconsideration on the Court's denial of additional time in which to serve the Defendants. Specifically, they argue that (1) under Federal Rule of Civil Procedure 4(m), they have shown good cause for an extension of time to re-serve the Individual Defendants and (2) even in the absence of good cause, they would be unduly prejudiced by a denial of additional time to attempt to serve the Individual Defendants. *See* Memorandum of Law in Support of Motion for Reconsideration, ECF 40, at 1-2. Both arguments fail.

First, good cause to grant an extension does not exist here. For a Plaintiff to demonstrate good cause sufficient to receive an extension of time to serve Defendants, they must demonstrate that "the plaintiff's reasonable efforts and diligence" outweigh "the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). In cases such as this, involving significant delays in prosecution of a case, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

As the Court explained during its hearing on Plaintiffs' Service Motion, Plaintiffs delayed extensively in litigating this case. This action was filed in December 2017, and service was attempted in early February 2018. *See* ECF # 1, 12-17. The Plaintiffs then did not take any action to prosecute this case until July 2019 when they sought a certificate of default against all Defendants from the Clerk of this Court. *See* ECF #22. Default was entered, but Plaintiffs failed to act on it. Eventually in November 2019, one of the Individual Defendants filed for bankruptcy, which imposed an automatic stay on this litigation. Relief from the stay was granted by the Bankruptcy Court in April 2020. In the interim this case was transferred to me from the originally assigned District Judge. Plaintiff's Service Motion followed in May 2020.

While Plaintiffs cannot be deemed to have delayed during the period of the automatic bankruptcy stay, they are responsible for the previous seventeen-month delay between their attempt at service and their seeking of a certificate of default. Likewise, Plaintiffs took no action to prosecute their case during the three months between securing a certificate of default and the automatic stay. It was only when the Court, upon transfer of the case to me, issued a conditional

order of dismissal for failure to prosecute in March 2020 that Plaintiffs advised the Court of the automatic stay.  Put another way, Plaintiffs failed to take any action in this case from February 2018 until July 2019, and then again failed to take any action from July 2019 until March 2020. Such extensive delays are enough to merit dismissal of the case outright, and, thus, are certainly enough to support denial of additional time to serve the Individual Defendants.  *Cf. Rubin v. Abbott Labs.*, 319 F.R.D. 118, 120 (noting that 17 months of non-action was delay that could result in dismissal of a case and collecting cases with shorter delays); *Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (noting that "Delays of several months have been found to warrant dismissal" and collecting cases ); *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (failure to respond for three months constitutes failure to prosecute).  Plaintiffs' failure to diligently prosecute this case belies any claim to good cause for an extension.

Plaintiffs also attempt to argue that the Individual Defendants were on actual notice of the case and, thus, cannot be prejudiced.  Notwithstanding that Plaintiffs have not shown any good cause to outweigh the presumed prejudice, Plaintiffs only have demonstrated that one of the Individual Defendants may be aware of the case by reason of the inclusion of Plaintiffs' counsel's firm name on a list of creditors in that individual's case.  *See* Memorandum of Law in Support at 3.  Plaintiffs have not shown any knowledge on the part of the other four individuals.

Second, Plaintiffs cannot succeed on their motion in the absence of good cause.  While a Plaintiff may be entitled to additional time to serve Defendants absent good cause if they can show extreme prejudice to themselves and relatively minor prejudice to Defendants, such a showing is not present here.  *See DeLuca*, 695 F. Supp. 2d at 66 ("In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service.").

Plaintiffs assert that since the two-year statute of limitations for Fair Labor Standards Act claims bar refiling of the action here, if service in 2018 was ineffective the Plaintiffs lose this case.  In light of that, they submit that the prejudice to Defendants is low, especially considering that at least one defendant may have had knowledge of the proceeding.  *See* Memorandum of

Law in Support at 3-4.  Significantly, the Corporate Defendant seemingly was served properly, and Plaintiffs' case continues against that Defendant.

This argument fails, however, for the same reason Plaintiffs' good cause argument did. The Court will not exercise discretion to rescue Plaintiffs from decisions they made not to serve the Individual Defendants adequately or otherwise to prosecute this case.  Had Plaintiffs proceeded with this case in 2018, and perhaps sought an extension then, equity may have favored them at that time.  Here, more than two and half years after this case was filed, the Court will not excuse Plaintiffs' counsel apparent failure to litigate this case effectively.[1]

The Motion for Reconsideration is DENIED.  Plaintiffs have stated an intent to file a Motion for a Default Judgment against the Corporate Defendant.  Such motion must be filed by the June 30, 2020 deadline previously discussed with Plaintiffs' counsel.

**SO ORDERED.**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

Date:  **June 29, 2020**
       **New York, NY**

---

[1] The outcome may also be different if Plaintiffs could show any evidence that their previous attempts at service were proper.  While the Court refused to grant Plaintiffs' motion to affirm service on the ground that the remedy was not available and that it would constitute an advisory opinion, *see* ECF #37, the Court also doubts that the Individual Defendants still worked at the location at which Plaintiffs claim to have served them in February 2018.  Plaintiffs admitted to the Court at the June 10 hearing on Plaintiffs' first motion that the Corporate Defendant (*i.e.* the business at which the Individual Defendants were alleged to work) is no longer in operation.  However, Plaintiffs are unable to marshal any evidence that the business was operational in 2018 when service was attempted.  They only offer a single unexpired liquor license, which does not support that the business was open at any particular time, but instead that the applicants wished to sell alcohol when they applied for the license in 2015.  *See* Declaration in Support of Motion for Reconsideration, ECF #39, at Ex. 9 [Liquor License].  The Court is not unfounded in this suspicion, as at least one other court in this District has found that the same counsel as here misrepresented their attempts at service when they knowingly attempted to serve individuals at a business that had closed.  *See Jianjun Chen v. WMK 89th Street LLC*, No. 16-cv-5735 (GHW), 2020 WL 2571010, at *5-6 (S.D.N.Y. May 20, 2020).