UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YU HING SU, *et al.*, on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>                -against-<br><br>HAILU ASIAN BISTRO INC., *et al.*,<br><br>                      Defendants. | 17cv10243 (MKV) (DF)<br><br>**ORDER** |

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned matter has been referred to this Court by the Honorable Mary Kay Vyskocil for an inquest regarding the damages to be awarded to the two remaining Plaintiffs in this case – Jian Bin Lin ("Lin") and Jian Ou ("Ou") (collectively, "Plaintiffs") – upon the default of the corporate defendant Hailu Asian Bistro Inc. ("Hailu Asian Bistro").  Prior to Judge Vyskocil's referral of this matter to this Court, Plaintiffs had filed their submissions on damages, including, *inter alia*, individual party affidavits and a damages calculation spreadsheet (*see* Dkts. 43-2, 43-4, 43-6, 43-7, 53-1, 53-2).  To date, Hailu Asian Bistro has not filed any response.  At this stage in the litigation, this Court declines to make a recommendation on damages based on Plaintiffs' submissions alone, absent further information from Plaintiffs, because this Court finds that Plaintiffs' submissions lack some of the factual and/or legal support needed for this Court to replicate or understand certain aspects of Plaintiffs' proffered damages calculations.  Accordingly, it is hereby ORDERED that <u>Plaintiffs shall provide a further supplemental damages submission, no later than February 3, 2021</u>, clarifying the following issues and revising their calculations as necessary:

1.      Plaintiff Lin is directed to clarify how much he was paid from August 13, 2017 to October 20, 2017, as the submissions are unclear and confusing with respect to the number of

weeks for which he was paid during that period, and the amounts that he was paid (*compare* Affidavit of Jian Bin Lin in Support of Default Motion Against [Hailu Asian Bistro], sworn to Feb. 29, 2020 ("Lin Aff.") (Dkt. 43-7), at ECF 2 (stating that, "[f]rom on or about August 13, 2017 to October 20, 2017," he "was paid a flat compensation at a rate of [$500] per week," which "amounted to a pay cut of [$250] per week") *with* Damage Calculation with Summary of Damages ("Damages Calculation Spreadsheet") (Dkt. 43-4), at ECF 3 (noting that, for this same period, Lin was "[o]wed 8 week pay at the time, paid 3 week, paid once more in [S]eptember, wanted to pay $500/wk, owed $250/wk"), and it is also unclear to this Court, at this juncture, how Lin has calculated the total amount of unpaid salary owed to him for that period as $4,625.00 (*see* Damages Calculation Spreadsheet, at ECF 3; *see also* Affidavit of Jian Bin Lin in Support of Default Judgment Against Defendant [Hailu Asian Bistro], sworn to Sept. 29, 2020 ("Lin Sec. Aff.") (Dkt. 53-1), at ECF 2 (stating that he "kept track of the total shortfall, [and o]ver the course of [his] employment, after about August 13, 2017, [he was] shorted . . . about $4,625.00.").

2.     It appears that Plaintiffs Lin and Ou are both taking the position that their weekly pay was intended to cover only the first 40 hours that they worked in a given work week.  (*See generally* Damages Calculation Spreadsheet, at ECF 2-4.)  If the Court were to accept that position, then, based on Plaintiffs' stated hours, it would appear that, at all relevant times, their base hourly rates were above the applicable minimum wage.  In the Complaint, however, Plaintiffs claim to be entitled to damages for unpaid minimum wages (*see* Dkt. 1, at ECF 2, 23-24), and, even if they have now abandoned that claim, they are still plainly seeking, in their inquest submissions, recovery of "spread-of-hours" pay under the New York Labor Law § 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-2.4(a) (*see* Memorandum of Law in

Support of Plaintiffs' Motion for Default Judgment Against [Hailu Asian Bistro], dated June 30, 2020 (Dkt. 44), at ECF 4, 9-10, 13; *see also* Damages Calculation Spreadsheet, at ECF 2-4), despite the body of case law in this District, which holds that an employee is not entitled to such pay absent a minimum-wage violation, *see, e.g., Mei Chun Poon v. Apple NYC Corp.,* No. 17cv9647 (RA) (GWG), 2019 WL 75674, at *7 (S.D.N.Y. Jan. 2, 2019), *report and recommendation adopted,* 2019 U.S. Dist. LEXIS 64256 (Apr. 15, 2019); *Baltierra v. Advantage Pest Control Co.,* No. 14cv5917 (AJP), 2015 WL 5474093, at *6 (S.D.N.Y. Sept. 18, 2015). Plaintiffs are directed to clarify their position on this point and, if they maintain their entitlement to minimum-wage and/or spread-of-hours pay, to provide legal support for their position.

3.      Plaintiffs are directed to serve a copy of this Order on Hailu Asian Bistro forthwith, by a means reasonably calculated to reach it, and to file proof of such service on the Docket of this action.

4.      <u>If Hailu Asian Bistro wishes to respond to Plaintiffs' supplemental submission, then Hailu Asian Bistro shall submit its response no later than February 19, 2021.</u>  This Court notes, however, that Hailu Asian Bistro, as a corporate entity, may not appear in this Court without an attorney.  For this reason, any response to Plaintiffs' supplemental submission that Hailu Asian Bistro may wish to file, including any request for a hearing with respect to that submission, must be made through counsel, in order for that response to be considered by this Court.

6.      IF HAILU ASIAN BISTRO FAILS TO RESPOND TO PLAINTIFFS' SUPPLEMENTAL SUBMISSION BY FEBRUARY 19, 2021, THEN THIS COURT MAY PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFFS' WRITTEN SUBMISSIONS ALONE.  UNLESS HAILU

ASIAN BISTRO REQUESTS A HEARING, IN WRITING, BY FEBRUARY 19, 2021, THIS

COURT MAY DECIDE TO NOT HOLD A HEARING ON DAMAGES.  *See Action S.A. v.

Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does

not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.,* 873 F.2d 38, 40 (2d Cir.

1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that

there was a basis for the damages specified in a default judgment.").

Dated:  New York, New York
         January 20, 2021

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States District Judge


Copy to:

Plaintiffs' Counsel (via ECF)